212

## In re King

*Harry Polish*, for Commonwealth.
*Harry J. Alker, Jr.*, for accountant.

DAVIS, P. J., March 12, 1941.—The question here involved is to what extent accumulations resulting from the payments of benefits to a World War veteran in the hands of his guardian are exempt from the claims of creditors.

"It is a general principle of the common law that all of a person's assets are liable for the payment of his debts": Mamlin v. Genoe et al., 340 Pa. 320, 323.

Certain types of property, by judicial decision, have been declared not subject to levy or attachment under certain circumstances, but these categories do not include payments of benefits to World War veterans: See Mamlin v. Genoe et al., supra. Their exemption must be grounded upon the provisions of the Act of Congress of August 12, 1935, 49 Stat. at L. 609, par. 3, 38 U. S. C. §454a, which provides as follows:

"Sec. 3. Payments of benefits due or to become due shall not be assignable, and such payments made to, or on account of, a beneficiary under any of the laws relating to veterans shall be exempt from taxation, shall be exempt from the claims of creditors, and shall not be liable to attachment, levy, or seizure by or under any legal or equitable process whatever, either before or after receipt by the beneficiary. Such provisions shall not attach to claims of the United States arising under such laws nor shall the exemption herein contained as to taxation extend to any property purchased in part or wholly out of such payments. . . ."

The aforementioned Act of Congress of August 12, 1935, was construed by the Supreme Court of the United States in Carrier et al. v. Bryant, 306 U. S. 545 (April 17, 1939). The creditor in that case obtained a judgment against a World War veteran in the amount of $1,500 for the alienation of the affections of his wife, and sought to subject assets in the hands of the guardian of the veteran to the payment of this judgment. The guardian had in his possession United States bonds of about $8,000 and promissory notes of approximately the sum of $4,000 purchased by the guardian with funds received by him as payments of benefits to his ward by the United States under the laws relating to World War veterans. The Supreme Court held that these investments, although made for an incompetent World War veteran by his

guardian out of "payment of benefits" made to him by the United States under the law relating to such veterans, were not exempt under the Act of August 12, 1935, from execution upon a judgment against the incompetent, and that the exemption provided by the act applied only to the payments themselves and not to investments made therewith. The court said at page 547:

"The first sentence grants exemptions from taxation, claims of creditors, attachment, levy or seizure under any legal process whatever. The things exempted are 'payments of benefits' due or to become due either before or after receipt by the beneficiary.

"Investments purchased with money received in settlement of benefits are not such payments due or to become due. Accordingly, giving the words employed their ordinary meaning, the notes and bonds in question are not exempted by the first sentence in §3. It left them, like other property, subject to taxation, claims of creditors, and legal process."

The account of the guardian presently before the court shows that part of the assets in its hands consist of certain investments made with payments of benefits received by it for the incompetent, a World War veteran. These investments are available for the payment of claims of creditors of the ward. The Commonwealth of Pennsylvania and the City of Philadelphia present claims for the maintenance and support of the incompetent at the Philadelphia State Hospital (formerly called Byberry) for a period prior to the appointment of the guardian in this case. The investments in the hands of the guardian exceed the amount of these claims and they should therefore be paid by the guardian, and we so hold.